IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STARSTONE NATIONAL ) <br> INSURANCE COMPANY, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WALDROP CONDOMINIUM ) <br> ASSOCIATION, INC., et al., ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION FILE NO. <br> 1:20-cv-04398-JPB |

**CONSOLIDATED/JOINT DISCOVERY STATEMENT OF CURTIS GILSTRAP AND JESSICA GILSTRAP AND STARSTONE NATIONAL INSURANCE COMPANY**

Pursuant to the Court's Standing Order, Defendants Curtis Gilstrap and Jessica Gilstrap and Plaintiff StarStone Insurance Company submit this Consolidated/Joint Discovery Statement. The primary issue in this declaratory judgment action is whether Defendants Waldrop Condominium Association, Inc., and Ardent Residential LLC complied with the notice provisions in the liability policies of Plaintiffs with respect to the shooting involving Curtis Gilstrap and the underlying lawsuit pending in DeKalb County.

The parties have worked diligently in an effort to preempt the Court's involvement in this matter and, in doing so, have resolved a number of issues by

1

agreement or stipulation. However, a number of issues remain, concerning four of the topics of examination for the Rule 30(b)(6) deposition of StarStone.

**A.    Defendant Gilstraps' Position.**

It is undisputed that the Gilstraps have requested StarStone's 30(b)(6) deposition on several occasions. The most recent undated 30(b)(6) notice is attached hereto as Exhibit 1. The issues in the case, including the Gilstraps' defenses include but are not limited to dual agency, estoppel and defenses as it relates to whether or not Plaintiffs' insurance carriers can meet their burden of proving the failure of receiving proper and or timely notice. As it relates to notice, StarStone's policy directs that the insureds Waldrop Condominium Association, Inc. and Ardent Residential LLC may provide notice to StarStone <u>by providing notice to their insurance agent Hamby & Aloisio</u>. It is undisputed that Waldrop Condominium Association, Inc. provided notice to Hamby & Aloisio within days of Curtis Gilstrap being shot at the Waldrop Condominium complex.

Topic one (1) to the 30(b)(6) notice is one of the topics StarStone and the Gilstraps are unable to agree. The Gilstraps do not seek for StarStone to provide a legal opinion, but simply facts surrounding the policy it wrote as to the factual meaning and effect as to the conflicting provisions. In other words, does StarStone now maintain that there is some provision or reason why Waldrop Condominium

Association's factual compliance with the provision is not sufficient, and if so, factually what is the reason, the witnesses supporting that reason, etc.? Again, the Gilstraps are not seeking a legal opinion but simply factual evidence on that topic.

Similarly, topic seven (7) requests factual information as to when StarStone considers notice to Hamby & Aloisio unacceptable. StarStone has issued a reservation of rights asserting that it did not receive notice of the claim, yet, factually, Waldrop Condominium complied with the policy provisions. The Gilstraps simply seek to depose StarStone on this factual issue as to StarStone's policy and procedure as to why, if at all, it was unacceptable, from a factual perspective, for Waldrop Park to provide notice to Hamby & Aloisio.

Topic eight (8) addresses the factual issue as to the effect of StarStone receiving notice of an incident or claim from someone other than it insured, e.g., Hamby & Aloisio (Amwins is an agent of StarStone). It is important to learn what degree, if at all, StarStone seeks to enforce the notice provisions, from a factual perspective, which StarStone apparently contends must be strictly construed as to contacting only StarStone as opposed to portions of the StarStone policy permitting its insureds to contact their insurance agents.

Topic nineteen (19) relates to justifiable reasons for an insured not to provide prompt notice regarding an incident. This relates to the legal defense of

justification.  The legal defense of justification is based on facts.  Those facts are based largely on issues relating to what does and does not surround the underlying matter.

The Gilstraps, in an effort to streamline this matter have either accepted stipulations put forth by StarStone, withdrawn several topics or otherwise agreed to limited areas of inquiry regarding the financial arrangement between Hamby & Aloisio and StarStone.  The Gilstraps simply seek to move forward with relevant discovery on the notice provisions which are the central issue in this matter.

**B.     StarStone's Position.**

The StarStone Policy provides that the insureds "shall give written notice as soon as practicable to us of any occurrence, offense, claim or suit likely to involve this Policy" and that notice under the policy "shall be given to us at the appropriate address set forth in Item 9. of the Declarations of this Policy," i.e., StarStone's New Jersey address. (Doc. 1-5, pp. 3, 11-12). The policy does not mention Hamby & Aloisio or provide that notice to it will fulfill the policy's notice conditions. The cover page of the Policy provides, "To Report a Claim: Contact your Insurance Agent, or Contact the Company at (201) 743-7700 or Send an email to: claims@starstone.com" but does not state that notices of *occurrences* can be provided to the insured's insurance agent or that reporting a claim to the insured's

agent alone (without notice also being provided to StarStone) will suffice.

Topic 1 concerns notices to StarStone regarding the April 12, 2018 shooting and the Gilstraps' claims. In discovery responses, StarStone provided that it first received notice of the shooting and the Gilstraps claim and lawsuit on March 20, 2020, via a letter from Randall Lipshutz to StarStone (STAR00041). StarStone agrees that the Gilstraps may ask when notice was received, though they already know. The Gilstraps do not seek discovery concerning such facts, however, but seek StarStone's legal interpretation of the policy and why the notice to Hamby & Aloisio does not satisfy the notice conditions. Arguing over the meaning of policy language in a deposition is a pointless exercise and is parol evidence, which is protected work product and inadmissible, irrelevant, and beyond the scope of discovery. *See, e.g.,* OCGA § 13-2-2(1) ("Parol evidence is inadmissible to add to, take to, take from, or vary a written contract.").

Topics 7 and 8 seek parol evidence concerning StarStone's policies and procedures as to when notice to Hamby & Aloisio is acceptable to StarStone and the effect of receiving notice from someone other than StarStone's insured. This is a declaratory judgment action, not a bad faith claim. The outcome is determined by the policy language. The policy's notice conditions require that notice of occurrences and claims be provided to StarStone. It is undisputed that StarStone

did not receive any notice of the shooting or claim until March 2020. StarStone does not contend that that notice did not constitute notice of the shooting, and thus the inquiry is irrelevant in this case. The issue is whether the insureds' failures to provide notice of the April 12, 2018 shooting to StarStone until March 2020, either directly or through a party acting on their behalf, violated the policy's notice conditions. Any extrinsic policies or procedures of StarStone have no bearing on that issue and do not alter the policy's notice requirements.

Topic 19 concerns justifiable reasons StarStone has accepted from other insureds who have not provided prompt notice for other occurrences and other claims, without limits on jurisdictions. It has no bearing on whether the insureds provided a reasonable excuse for failing to comply with the notice conditions in this case. It is unreasonable and oppressive, as it would require StarStone to review every single claim for every single insured nationwide on a subject that is irrelevant and inadmissible in this lawsuit.

Respectfully submitted, this 14th day of February, 2022.

| | |
|---|---|
| /s/ James A Rice, Jr. | /s/ Kim M. Jackson |
| James A. Rice, Jr., Ga. Bar No. 602811 | Kim M. Jackson, Ga. Bar No. 387420 |
| jim@ricefirm.com | kjackson@boviskyle.com |
| James A. Rice, Jr., P.C. | Bovis, Kyle, Burch & Medlin, LLC |
| 563 Spring Street, NE | 200 Ashford Center North, Suite 500 |
| Atlanta, Georgia 30305 | Atlanta, Georgia 30338 |
| *Attorney for Defendants Curtis Gilstrap and Jessica Gilstrap* | *Attorney for Plaintiff StarStone National Insurance Company* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STARSTONE NATIONAL INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:20-cv-04398-JPB |
| WALDROP CONDOMINIUM ASSOCIATION, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification:

Kim M. Jackson
J. Jackson Harris
Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North
Suite 500
Atlanta, Georgia 30338
*Attorney for Plaintiff StarStone National Insurance Company*

Thomas Kearney Wingfield
Carey Michael Johnson
Hall Booth Smith, PC
191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
*Attorney for Intervenor-Plaintiff Arch Specialty Ins. Co.*

7

| | |
|---|---|
| Keith S. Hasson<br>Mariana Melendez<br>Michael F. O'Neill<br>Hasson Law Group, LLP<br>3379 Peachtree Road, NE,<br>Suite 625<br>Atlanta, Georgia 30326<br>*Attorneys for Defendant Waldrop Park Condominium Association, Inc.* | Michael B. Weinstein<br>Weinstein & Black, LLC<br>3050 Amwiler Road, Suite 200-C<br>Atlanta, Georgia 30370<br>*Attorney for Ardent Residential LLC* |

Respectfully submitted, this 14th day of February, 2022.

**JAMES A. RICE, JR., P.C.**

*/s/ James A. Rice, Jr.*
James A. Rice, Jr.
Georgia Bar No. 602811
*Attorney for Defendants Curtis Gilstrap and Jessica Gilstrap*

**JAMES A. RICE, JR., P.C.**
563 Spring Street, NE
Atlanta, GA 30308
Telephone: (404) 255-4448
Facsimile: (404) 842-7710
Email: jim@ricefirm.com

8