# EXHIBIT "A"

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CURTIS GILSTRAP and <br> JESSICA GILSTRAP, <br><br> Plaintiffs, <br><br> v. <br><br> WALDROP PARK CONDOMINIUM <br> ASSOCIATION, INC., and <br> ARDENT RESIDENTIAL LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION FILE NO. <br> )    20A79653 <br> )    _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COME NOW Plaintiffs in the above-styled action, and hereby files this Complaint for Damages against the above-named Defendants as follows:

1.

Defendant Waldrop Park Condominium Association, Inc. (hereinafter "Defendant Waldrop Park Condominium Association" and/or "Defendants") is a domestic nonprofit corporation whose registered agent is Caroline Simmons. Defendant may be served though its registered agent Caroline Simmons, 4024 Moore Creek Drive, Conley, DeKalb County, Georgia 30288.

2.

Service and service of process is proper as to Defendant Waldrop Park Condominium Association, Inc.

3.

Jurisdiction is proper as to Defendant Waldrop Park Condominium Association, Inc.

Copy from re:SearchGA

Exhibit A

STATE COURT OF
DEKALB COUNTY, GA.
3/13/2020 11:27 AM
E-FILED
BY: Monica Gay

4.

Venue is proper as to Defendant Waldrop Park Condominium Association, Inc.

5.

Defendant Ardent Residential LLC (hereinafter "Defendant Ardent Residential" and/or "Defendants") is a domestic limited liability company whose registered agent is Susan T. Grissom. Defendant may be served though its registered agent Susan T. Grissom, Grissom Law, LLC, 10475 Medlock Bridge Road, Suite 215, Johns Creek, Fulton County, Georgia 30097.

6.

Service and service of process is proper as to Defendant Ardent Residential LLC.

7.

Jurisdiction is proper as to Defendant Ardent Residential LLC.

8.

Venue is proper as to Defendant Ardent Residential LLC.

9.

The tort at issue occurred in DeKalb County such that venue is proper pursuant to Georgia law.

10.

At all times mentioned herein, Defendants owned, operated, controlled, and/or managed the complex known as Waldrop Park located in DeKalb County at 11101 Waldrop Place, Decatur, Georgia 30034 (hereinafter "the Premises").

11.

On April 12, 2018, Plaintiff Curtis Gilstrap (hereinafter "Plaintiff") was an invitee at the subject complex known as Waldrop Park, located at 11101 Waldrop Place, Decatur, Georgia

Copy from re:SearchGA

**Exhibit A**

30034 (hereinafter "the Waldrop Park Premises").

12.

The incident at issue occurred in DeKalb County.

13.

On April 12, 2018, Defendant Waldrop Park Condominium Association had an office and conducted business in DeKalb County.

14.

On April 12, 2018, Defendant Ardent Residential had an office and conducted business in DeKalb County.

15.

On April 12, 2018, Plaintiff was an invitee in the Waldrop Park Premises owned and/or operated and/or managed by the Defendants. At said time and place, Plaintiff was assaulted and shot at the Premises located in DeKalb County causing serious and permanent injuries.

16.

Plaintiff exercised ordinary care and diligence at all times herein and under the circumstances then existing.

17.

Defendants breached their duty owed to Plaintiff by failing to exercise ordinary care to keep their premises safe.

18.

Prior to and on April 12, 2018, the Premises was negligently maintained, inspected, secured, patrolled, and managed by Defendants. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage said premises,

Copy from re:SearchGA

**Exhibit A**

but failed to exercise ordinary care. Further, Defendants failed to maintain the Premises in a safe condition free of hazards or to warn of those hazards.

19.

Defendants had actual and constructive knowledge of criminal activity existing on their premises prior to the incident involving Plaintiff. Said prior criminal activity was negligently permitted to exist and remain on said premises.

20.

Defendants had actual and constructive knowledge of criminal activity existing at their premises and in the neighborhood prior to the attack on Plaintiff and others, but negligently failed to warn Plaintiff.

21.

Defendants negligently failed to warn their invitees, including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

22.

Defendants negligently failed to maintain adequate security devices to prohibit improper use of or access to the both premises, thereby causing an unreasonable risk of injury to their invitees, including Plaintiff.

23.

At all times mentioned herein, Defendants controlled the management of the properties at issue and had the legal duty to keep both premises in a state consistent with the due regard for the safety of their residents and invitees, including Plaintiff. Defendants breached said duties to Plaintiff and failed to act as similarly situated businesses in like circumstances.

Copy from re:SearchGA

**Exhibit A**

24.

Defendants were negligent in failing to maintain, inspect, secure, patrol, and manage the premises at issue, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff.

25.

Defendants knew of, or with the exercise of due care for the safety of their invitees should have known of, the dangerous and hazardous conditions existing on both premises and that failure to maintain, inspect, secure, patrol, and manage the premises would likely result in the injuries suffered by Plaintiff.

26.

Defendants were and are *negligent per se*.

27.

The Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b) Violation of O.C.G.A. § 44-7-13;

c) In failing to properly inspect and maintain the premises;

d) In failing to warn of the latent dangers on the premises;

e) Failure to properly train and supervise its employees in regard to the maintenance and safety of said premises; and

f) Failure in property retaining, entrusting, hiring, training and supervising said employees.

Copy from re:SearchGA

**Exhibit A**

28.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of their employees and agents.

29.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of their employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

30.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained property.

31.

Defendants are jointly and severally liable for the injuries suffered by Plaintiff. Said injuries of Plaintiff were done without necessity, privilege, or consent.

32.

Because Defendants had knowledge of, or in the exercise of reasonable care, should have had knowledge of the dangerous environment of said property, Defendants are liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said property to their agents and employees. Said negligence was proximate cause of the damages and injuries to Plaintiff.

33.

Defendants negligently represented to their invitees and residents that the property at issue was properly maintained.

Copy from re:SearchGA

**Exhibit A**

34.

Defendants negligently failed to provide adequate security protection, security personnel, or an outside security presence on the property.

35.

Defendants negligently failed to act on their knowledge of prior crimes, and failed to act to correct, deter, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said property.

36.

Defendants failed to take appropriate action to remedy or reduce the danger to their invitees, including Plaintiff, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

37.

The injuries suffered by Plaintiff as described herein are continuing and permanent in nature.

38.

Defendants' negligence was a cause in fact and a proximate cause of Plaintiff's injuries.

39.

Defendants are liable for Plaintiff's injuries sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia. Defendants are liable to Plaintiff directly, as well as under theories of respondeat superior and agency principles.

40.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff received serious injuries, endured pain and suffering, mental anguish, and suffered other damages as will

Copy from re:SearchGA

**Exhibit A**

be proven at trial and permitted under Georgia law. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present, and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Economic losses;

g) Loss of the capacity for the enjoyment of life;

h) Incidental expenses;

i) Past, present, and future medical expenses;

j) Past, present, and future lost wages;

k) Permanent injuries; and

l) Consequential damages to be proven at trial.

41.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above stated acts were the proximate causes of the injuries to Plaintiff. Defendants are jointly and severally liable for the injuries to Plaintiff and all damages recoverable under Georgia law.

42.

Defendants' actions were willful and wanton and showed an entire want of care, raising the presumption of conscious indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants in accordance with the enlightened conscience of

Copy from re:SearchGA

**Exhibit A**

an impartial jury pursuant to O.C.G.A. § 51-12-5.1.

43.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

44.

Prior to April 12, 2018, Defendants created a nuisance at their respective premises.

45.

Prior to April 12, 2018, Defendants knew or should have known that a combination of one or more of the security failures as it relates to security guards, courtesy officers, lighting, and the failure to enforce lease and policy provisions would both attract criminals and fail to deter criminals to the Premises.

46.

Prior to April 12, 2018, Defendants created an ongoing nuisance at their respective premises prior to April 12, 2018 which continued through and until Plaintiff's injuries at the Premises.

WHEREFORE, the Plaintiffs pray that:

(a) Process issue as provided by law;

(b) Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

(c) Plaintiffs be awarded all general, special, compensatory, economic, punitive, and other allowable damages in accordance with the enlightened conscience of an

Copy from re:SearchGA

**Exhibit A**

impartial jury from the Defendants and as permitted under Georgia law;

(d) Plaintiffs have a trial by jury;

(e) Plaintiffs have such other relief as this Court deems just and proper.

This 13th day of March, 2020.

                                            **JAMES A. RICE, JR., P.C.**

                                            */s/ James A. Rice, Jr.*
                                            James A. Rice, Jr.
                                            Georgia Bar Number 602811
                                            Attorney for Plaintiffs

563 Spring Street, NW
Atlanta, GA 30308
404-255-4448 (phone)
404-842-7710 (facsimile)

STATE COURT OF
DEKALB COUNTY, GA.
3/13/2020 11:27 AM
E-FILED
BY: Monica Gay

Copy from re:SearchGA

**Exhibit A**