# EXHIBIT "H"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STARSTONE NATIONAL INSURANCE COMPANY and ARCH SPECIALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>WALDROP PARK CONDOMINIUM ASSOCIATION, INC., ARDENT RESIDENTIAL, LLC, CURTIS GILSTRAP AND JESSICA GILSTRAP,<br><br>Defendants. | Case No. 1:20-04398-JPB |

### PLAINTIFF ARCH SPECIALTY INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO DEFENDANT WALDROP PARK CONDOMINIUM ASSOCIATION, INC'S FIRST INTERROGATORIES

Plaintiff Arch Specialty Insurance Company ("Arch") serves its Objections and Responses to Defendant Waldrop Park Condominium Association's First Interrogatories.

Arch's responses are based on information known to it at the time it serves these responses. Discovery is ongoing, and Arch reserves the right to supplement its responses as additional information is gathered during discovery. Below Arch quotes the Interrogatory and states its objections, if any, and response to the Interrogatory.

**Exhibit H**

## Objections and Responses to Interrogatories

**INTERROGATORY NO. 1:** Identify all persons who have or may have knowledge of facts related to any claim or defense asserted in this action, and for each such person:

   a. Describe the knowledge you believe such person has;

   b. Provide all known contact information for such person, including without limitation personal and business email addresses, personal and business phone numbers, last known home addresses, and last known places of employment.

**Objections:** Arch objects to Interrogatory No. 1 as unduly burdensome as it asks Arch to identify witnesses that may have information concerning claims and defenses which Arch has not asserted and the basis of which has not been stated and Arch does not have personal knowledge of the information requested. Arch objects to the Interrogatory as duplicative of information provided in Arch's initial disclosures. Subject to and without waiving the foregoing objections, Arch responds to the Interrogatory below.

**Response:** One or more representatives of Arch have knowledge regarding when Arch first received notice of the shooting of Mr. Gilstrap at the Premises.

Josh Z. Morton of Ardent Residential, LLC ("Ardent") worked for Ardent at the time of the shooting. Mr. Morton is expected to have knowledge regarding

2

**Exhibit H**

when Ardent first learned about the shooting of Mr. Gilstrap at the Premises and communications with Waldrop Park Condominium Association, Inc. ("Waldrop Park"), counsel for the Gilstraps and/or third-parties regarding the shooting and when Ardent first provided notice to Arch.

Upon information and belief, unidentified representatives of Ardent are expected to have knowledge regarding when Ardent first learned about the shooting of Mr. Gilstrap at the Premises and communications with Waldrop Park, counsel for the Gilstraps and/or third-parties regarding the shooting and when notice of the shooting was first provided to Arch.

Upon information and belief, Randall M. Lipshutz has knowledge regarding when Waldrop Park first received notice of the shooting, communications with Waldrop Ardent, counsel for the Gilstraps and/or third-parties regarding the shooting and when Waldrop Park first provided notice of the shooting to Arch.

Upon information and belief, unidentified representatives of Waldrop Park are expected to have knowledge regarding when Waldrop Park first learned about the shooting of Mr. Gilstrap and communications with Waldrop Ardent, counsel for the Gilstraps and/or third-parties regarding the shooting and when notice of the shooting was first provided to Arch.

**Exhibit H**

Upon information and belief, G. Lanier Coulter, Jr. is expected to have knowledge regarding when Waldrop Park and/or Ardent first learned about the shooting of Mr. Gilstrap at the Premises and communications with Ardent regarding the shooting.

Upon information and belief, representatives of Hamby & Aloisio, Inc., including Allyson Golob and Buddy Whitaker, are expected to have information regarding when Waldrop Park and Ardent had knowledge of the shooting and when they first provided notice to Arch of the shooting.

In addition, individuals identified in Defendants' Initial Disclosures and individuals identified in Plaintiff StarStone National Insurance Company's Initial Disclosures may have information relevant to claims or defenses asserted in this action.

**INTERROGATORY NO. 2:** Identify each and every communication, whether written or oral, that any employee, representative or agent of Arch Specialty Insurance Company had with any employee, representative or agent of StarStone National Insurance Company regarding the April 12, 2018 Incident or the Gilstrap Claim. For each communication identified, provide the date of said communication, the parties to the communication, describe the substance of the communication, and identify any documents reflecting such communication.

**Exhibit H**

**Objections:** Arch objects to Interrogatory No. 2 as overly broad as it is not restricted to the claims and defenses asserted in this case and asks for information that is not relevant or potentially relevant. Arch objects to the Interrogatory as it seeks information protected by the attorney-client privilege and the work product doctrine. The request, as drafted, seeks communications between Arch's counsel and StarStone's counsel regarding the matters asserted in this litigation when both Arch and StarStone anticipated litigation. The Interrogatory as drafted potentially seeks communications regarding the defense of the underlying case. Arch will limit its response to communications between Arch and StarStone regarding the issue of notice to the carriers. Subject to and without waiving the foregoing objections, Arch responds below.

**Response:** Other than communications between counsel for Arch and counsel for StarStone after StarStone had filed suit, Arch is unaware of any communications between it and StarStone regarding Waldrop Park and/or Ardent providing notice of the shooting, claim or potential claim.

**INTERROGATORY NO. 3:** Identify each and every communication, whether written or oral, that any employee, representative or agent of Arch Specialty Insurance Company had with any employee, representative or agent of Ardent Residential, LLC, regarding the April 12, 2018 Incident or the Gilstrap Claim. For

5

**Exhibit H**

each communication identified, provide the date of said communication, the parties to the communication, describe the substance of the communication, and identify any documents reflecting such communication.

**Objections:** Arch objects to Interrogatory No. 3 as overly broad as it is not restricted to the claims and defenses asserted in this case and asks for information that is not relevant or potentially relevant. Arch objects to the Interrogatory as it seeks information protected by the attorney-client privilege and the work product doctrine. The Interrogatory as drafted potentially seeks communications regarding the defense of the underlying case. Arch will limit its response to communications between Arch and Ardent evidencing notice of the shooting, claim or potential claim to Arch and communications related to such notice. Subject to and without waiving the foregoing objections, Arch responds below.

**Response:** Arch will produce copies of all written communications between it and Ardent evidencing notice of the shooting, claim or potential claim to Arch and communications related to such notice. Arch is unaware of any oral communications between it and Ardent regarding notice of the shooting, claim or potential claim to Arch and communications related to such notice.

**INTERROGATORY NO. 4:** Identify each and every communication, whether written or oral, that any employee, representative or agent of Arch Specialty

6

**Exhibit H**

Insurance Company had with any employee, representative or agent of Hamby & Aloisio, Inc., regarding the April 12, 2018 Incident or the Gilstrap Claim. For each communication identified, provide the date of said communication, the parties to the communication, describe the substance of the communication, and identify any documents reflecting such communication.

**Objections:** Arch objects to Interrogatory No. 4 as overly broad as it is not restricted to the claims and defenses asserted in this case and asks for information that is not relevant or potentially relevant. Arch will limit its response to communications between Arch and Hamby & Associates evidencing notice of the shooting, claim or potential claim to Arch and communications related to such notice. Subject to and without waiving the foregoing objections, Arch responds below.

**Response:** Arch will produce copies of all written communications between it and Hamby & Associates, to the extent they exist, evidencing notice of the shooting, claim or potential claim to Arch and communications related to such notice. Arch is unaware of any oral communications between it and Hamby & Associates regarding notice of the shooting, claim or potential claim to Arch and communications related to such notice.

**Exhibit H**

**INTERROGATORY NO. 5:** Identify each and every communication, whether written or oral, that any employee, representative or agent of Arch Specialty Insurance Company had with any employee, representative or agent of Waldrop Condominium Association, Inc., regarding the April 12, 2018 Incident or the Gilstrap Claim. For each communication identified, provide the date of said communication, the parties to the communication, describe the substance of the communication, and identify any documents reflecting such communications.

**Objections:** Arch objects to Interrogatory No. 5 as overly broad as it is not restricted to the claims and defenses asserted in this case and asks for information that is not relevant or potentially relevant. Arch objects to the Interrogatory as it seeks information protected by the attorney-client privilege and the work product doctrine. The Interrogatory as drafted potentially seeks communications regarding the defense of the underlying case. Arch will limit its response to communications between Arch and Waldrop Park evidencing notice of the shooting, claim or potential claim to Arch and communications related to such notice. Subject to and without waiving the foregoing objections, Arch responds below.

**Response:** Arch will produce copies of all written communications between it and Waldrop Park evidencing notice of the shooting, claim or potential claim

8

**Exhibit H**

to Arch and communications related to such notice. Arch is unaware of any oral communications between it and Waldrop Park regarding notice of the shooting, claim or potential claim to Arch and communications related to such notice.

**INTERROGATORY NO. 6:** Identify the written procedures or policies you maintained for your adjusters, agents, representatives, or employees to use in connection with the handling of claims made under excess liability insurance policies.

**Objections:** Arch objects to Interrogatory No. 6 as it seeks confidential and/or proprietary information, the disclosure of which is not justified under the circumstances. Arch further objects that the Interrogatory seeks information the is not relevant or potentially relevant to the claims or defenses asserted in this action. Arch issued a commercial general liability policy providing primary coverage to the Named Insured, Waldrop Park. Any procedures or policies of Arch with respect to the handling of claims made under excess liability insurance policies has absolutely no bearing on the claims and defenses asserted in this action.

**Response:** Based on the foregoing objections, Arch will not respond to Interrogatory No. 6.

**Exhibit H**

**INTERROGATORY NO. 7:** State the following concerning the April 12, 2018 Incident or the Gilstrap Claim:

    (a)    The date and manner in which you received notice of the Incident and/or Claim;

    (b)    The date and manner in which you acknowledged receipt of the notice of the Incident and/or Claim;

    (c)    The date and manner in which you commenced investigation of the Incident and/or Claim;

    (d)    The date and manner in which you requested from the claimant and/or insured all items, statements, and forms that you believed reasonably necessary to evaluate the Incident and/or Claim.

**Objections:** Arch objects to Interrogatory No. 6 as it seeks information that is not relevant to the matters at issue in the action. Arch's investigation of the claims asserted against Ardent and Waldrop Park after it first received notice more than a year after the shooting has no bearing on whether Ardent and Waldrop Park breached the notice condition of the Arch Policy. Subject to and without waiving the foregoing objection, Arch responds to the Interrogatory below.

**Exhibit H**

**Response:** Arch first received notice of the shooting on October 28, 2019 when it received a copy of the ACORD Liability Notice of Occurrence/Claim dated October 28, 2019 and a copy of the October 21, 2019 letter from James A. Rice, Jr. that were submitted to Arch by AmWins. Kristin Olberding of Arch sent an email to Allyson Golob of Hamby & Alosio and to AmWinns acknowledging receipt of the notice. Jillian Coogan of Arch contacted Josh Morton via email on October 29, 2019.

In her October 29, 2019 email, Ms. Coogan informed Waldrop Park that it would be investigating the matter under a reservation of rights, and she notified Waldrop Park that Arch had assigned a local independent adjuster from Engle Martin and Associates to investigate the matter.

Engle Martin began investigating the matter on October 30, 2019 by attempting to contact Mr. Morton by telephone. Engle Martin sent written requests for information to the Gilstrap's counsel and to Ardent, which are being produced, and interviewed Mr. Morton.

Arch issued a reservation of rights letter to Waldrop Park on December 9, 2019.

Arch received notice of the lawsuit filed by the Gilstraps on March 24, 2020 when Allyson Golob emailed Jillian Coogan a copy of the summons and

**Exhibit H**

complaint. Arch issued a March 25, 2020 reservation of rights letter to Ardent and Waldrop Park. After it learned additional information about the claim, Arch issued a supplemental reservation of rights letter to Waldrop Park on April 3, 2020.

**INTERROGATORY NO. 8:** State all facts and identify all documents that support your contention that Arch Specialty Insurance Company does not have a duty to defend or indemnify Waldrop Park in the Underlying Lawsuit.

**Objections:** Arch objects to Interrogatory No. 8 as unduly burdensome and to the extent it seeks information protected from disclosure by the work product doctrine. Because it is a contention Interrogatory, Arch is entitled to full discovery before being required to respond and discovery is ongoing. Subject to and without waiving the foregoing objections, Arch responds to the Interrogatory below.

**Response:** Defendants Curtis Gilstrap and Jessica Gilstrap filed a complaint against Waldrop Park and Ardent in a lawsuit styled *Curtis Gilstrap and Jessica Gilstrap v. Waldrop Park Condominium Association, Inc. and Ardent Residential, LLC*, Case No. 20A796753, State Court of Dekalb County, Georgia (the "Underlying Complaint"). In the Underlying Complaint, the Gilstraps seek damages arising out of the shooting of Curtis Gilstrap at a condominium complex

**Exhibit H**

known as Waldrop Park located at 11101 Waldrop Place, Decatur, Georgia 30034 (the "Premises") on April 12, 2018. The Gilstraps seek an award of compensatory and punitive damages.

At the time of the shooting, the Premises was owned by Waldrop Park and managed by Ardent. Upon information and belief, Waldrop Park and Ardent had notice of the shooting on or shortly after April 12, 2018, and they received letters of representation from counsel representing the Gilstraps as early as March 2018.

Arch first received notice of the shooting in late October 2019 when Waldrop Park forwarded Arch an October 21, 2019 representation and spoliation letter from the Gilstraps' counsel. When Arch contacted Ardent regarding the notice, Ardent contended that although it took over management of the Premises prior to the shooting, it had no notice of the shooting until Arch contacted it.

Arch issued Policy No. AGL0047333-00 to the Named Insured "Waldrop Park Condominium Association" for the policy period of May 15, 2017 through May 15, 2018 (the "Arch Policy"). The Policy has a $1,000,000 Each Occurrence Limit and a $2,000,000 Aggregate Limit. To the extent Ardent was operating as the real estate manager for the Premises, it qualifies as an insured.

The Arch Policy contains, *inter alia*, the following condition in Section IV – Commercial General Liability Conditions:

13

**Exhibit H**

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;

   (2) The names and addresses of any injured persons and witnesses; and

   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

The Arch Policy contains the following endorsement:

**PUNITIVE DAMAGES EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability** and **Paragraph 2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to any claim, "suit", demand or loss for punitive damages, treble damages, fines, penalties or exemplary damages.

All other terms and conditions of this Policy remain unchanged.

14

**Exhibit H**

The Arch Policy also includes the following endorsement:

**Claims Handling Procedures**

An important value of your insurance coverage is the ability of the insurance company to respond when you have a claim. Arch Specialty Insurance Company is committed to providing its insureds with effective claim services.

Notices of each incident, claim or suit must be sent immediately to:

> Arch Specialty Insurance Company
> Contract Binding Operations Claims
> 1299 Farnam Street, Suite 500
> P.O. Box 542033
> Omaha, NE 68154
> Phone: 877 688-ARCH (2724)
> Fax: 866 266-3630
> E-mail: Claims@ArchInsurance.com

You will be contacted by a representative of the company's Claim Department. This representative will confirm receipt of the loss notice directly to you, provide a company claim number for all future correspondence, refer to legal counsel if necessary, and discuss further handling of the claim.

Arch identifies the following documents which it believes support its claims:

- May 22, 2018 letter of representation to Josh Morton from Shean D. Williams of the Cochran Firm. (WP_000001-2; HAI000111-112)

- May 23, 2018 email from Lanier G. Coulter to Buddy Whitaker. (WP_000016-17; HAI000110-112)

- May 31, 2018 email from Buddy Whitaker to Lanier Coulter and Josh Morton. (WP_00006; HAI000113)

15

**Exhibit H**

- May 31, 2018 email from Allyson Golob to Marty Friedman. (HAI000113)

- June 6, 2018 email from Lanier Coulter to Buddy Whitaker. (HAI000116-118)

- October 21, 2019 letter from James A. Rice, Jr. to Waldrop Park and Ardent. (HAI0001210123)

- October 25, 2019 email from Josh Morton to Marty Friedman. (HAI000120-123)

- October 28, 2019 email from Allyson Golob to "claims.access@amwins.com" (HAI000124-128)

- October 29, 2019 email from Jillian Coogan to Kristin Olberding. (HAI000129-130)

- October 29, 2019 email from Josh Morton, Ardent, to Jillian Coogan. (HAI000131-134)

- March 20, 2020 letter from Randall M. Lipshutz to StarStone National Insurance Company ("StarStone"). (STAR000041)

- April 17, 2020 email from Allyson Golob to Randal Lipshutz. (HAI000248-249)

- April 17, 2020 email from Allyson Golob to Randal Lipshutz (Waldrop Park) (HAI000169-171)

- November 4, 2020 email from Allyson Golob to Josh Morton. (HAI000260-262)

- January 28, 2021 email from Wendi Washowich to Stephen Connor (HAI000340-352)

- Arch's December 9, 2019 reservation of rights letter to Ardent Residential, LLC.

- Arch's December 9, 2019 reservation of rights letter to Waldrop Park Condominium Association, Inc.

**Exhibit H**

- Arch's March 25, 2020 reservation of rights letter to Ardent and Waldrop Park.
- Arch's April 3, 2020 reservation of rights letter to Ardent.
- Arch's April 3, 2020 reservation of rights letter to Waldrop Park.
- The policy issued by Arch to the Named Insured "Waldrop Park Condominium Association" (Policy No. AGL0047333-00) with a policy period of May 15, 2017 through May 15, 2018.

**INTERROGATORY NO. 9:** Identify and describe each and every condition precedent you contend Waldrop Park breached under Arch Specialty Insurance Company's Policy Number AGL0047333-00 for the policy period of May 15, 2017 to May 15, 2018.

**Objections:** None.

**Response:** Waldrop Park failed to comply with subpart a. of General Condition 2. "Duties In The Event Of Occurrence, Offense, Claim Or Suit" of the Arch Policy, which is quoted in response to Interrogatory No. 8.

**INTERROGATORY NO. 10:** Identify and describe the notice provision contained in Arch Specialty Insurance Company's Policy Number AGL0047333-00 that you contend is applicable to this action and the Underlying Lawsuit.

**Objections:** None.

**Exhibit H**

**Response:** Waldrop Park failed to comply with subpart a. of General Condition 2. "Duties In The Event Of Occurrence, Offense, Claim Or Suit" of the Arch Policy, which is quoted in response to Interrogatory No. 8.

This 14th day of July, 2021.

HALL BOOTH SMITH, P.C.

C. Michael Johnson
Georgia Bar No. 392550
Thomas K. Wingfield
Georgia Bar No. 770653
mjohnson@hallboothsmith.com
twingfield@hallboothsmith.com

191 Peachtree Street N.E.
Suite 2900
Atlanta, GA 30303-1775
Telephone: (404) 954-5000
Facsimile: (404) 954-5020

*Counsel for Plaintiff, Arch Specialty Insurance Company*

**Exhibit H**