# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STARSTONE NATIONAL INSURANCE COMPANY and ARCH SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>WALDROP PARK CONDOMINIUM ASSOCIATION, INC., ARDENT RESIDENTIAL, LLC, CURTIS GILSTRAP AND JESSICA GILSTRAP,<br><br>    Defendants. | Case No. 1:20-04398-JPB |

## PLAINTIFF ARCH SPECIALTY INSURANCE COMPANY'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

Pursuant to L.R. 56, Plaintiff Arch Specialty Insurance Company submits its Statement of Material Facts To Which There Is No Genuine Issue to Be Tried, showing the Court as follows:

### Statement of Material Facts

1. A true and accurate copy of the Complaint filed in the lawsuit styled Curtis Gilstrap and Jessica Gilstrap v. Waldrop Park Condominium Association, Inc. and Ardent Residential, LLC, Case No. 20A796753, State Court of Dekalb County,

Georgia (the "Underlying Complaint") is attached as Exhibit A to Arch's Memorandum of Law in Support of Its Motion for Summary Judgment. (Ardent's Responses to Arch's Request to Admit, Response No. 1 and Ex. A; WP's Responses to Arch's Request to Admit, Response No. 1 and Ex. A)

2. The claims asserted by the Gilstraps arise out of the shooting of Curtis Gilstrap on April 12, 2018 at a condominium complex known as Waldrop Park located at 11101 Waldrop Place, Decatur, Georgia 30034 (the "Premises"). (*See generally* Underlying Complaint)

3. In the Underlying Complaint, the Gilstraps seek recovery of, inter alia, compensatory damages and punitive damages. (*Id.* at ¶ 46)

4. A true and accurate copy of Policy No. AGL0047333-00 issued by Arch to the Named Insured "Waldrop Park Condominium Association" for the policy period of May 15, 2017 through May 15, 2018 (the "Arch Policy") is attached as Exhibit D to Arch's Memorandum of Law in Support of Its Motion for Summary Judgment. (30(b)(6) Victor Malone Hamby Deposition ("Hamby Depo."), pp. 17:20-18:5 and Ex. 2)

5. To the extent Ardent was operating as the real estate manager for the Premises, it qualifies as an insured pursuant to Section II – Who Is An Insured of the Arch Policy. (Arch Policy, Commercial General Liability Form, Section II.2.(b))

6. The Arch Policy contains the following Commercial General Liability Conditions:

> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> (1) How, when and where the "occurrence" or offense took place;
>
> (2) The names and addresses of any injured persons and witnesses; and
>
> (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> …
>
> **3. Legal Action Against Us**
>
> No person or organization has a right under this Coverage Part:
>
> **a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
>
> **b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.
>
> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of

> liability signed by us, the insured and the claimant or the claimant's legal representative.

(*Id*. at Commercial General Liability Coverage Form, Section IV – Commercial General Liability Conditions)

    7.    The Arch Policy contains the following endorsement:

### Claims Handling Procedures

> An important value of your insurance coverage is the ability of the insurance company to respond when you have a claim. Arch Specialty Insurance Company is committed to providing its insureds with effective claim services.
>
> Notices of each incident, claim or suit must be sent immediately to:
>
> > Arch Specialty Insurance Company
> > Contract Binding Operations Claims
> > 1299 Farnam Street, Suite 500
> > P.O. Box 542033
> > Omaha, NE 68154
> > Phone: 877 688-ARCH (2724)
> > Fax: 866 266-3630
> > E-mail: Claims@ArchInsurance.com
>
> You will be contacted by a representative of the company's Claim Department. This representative will confirm receipt of the loss notice directly to you, provide a company claim number for all future correspondence, refer to legal counsel if necessary, and discuss further handling of the claim.

(*Id*., Claims Handling Procedures endorsement)

8. The Arch Policy contains the following endorsement:

**PUNITIVE DAMAGES EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and **Paragraph 2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to any claim, "suit", demand or loss for punitive damages, treble damages, fines, penalties or exemplary damages.

All other terms and conditions of this Policy remain unchanged.

(*Id.*, Punitive Damages Exclusion Endorsement)

9. Counsel for the Gilstraps sent Ardent a letter of representation dated May 22, 2018 related to the April 12, 2018 shooting. (Ardent's Responses to Arch's Request to Admit, Response No. 9)

10. Ardent received the letter on May 22, 2018 and forwarded it to Waldrop Park's counsel. (Ardent's Responses to Arch's Request to Admit, Response No. 10 and 11 and Exs. B and C; WP's Responses to Arch's Request to Admit, Response Nos. 7 and 8)

11. Waldrop Park's counsel forwarded the May 22, 2019 letter of representation to Waldrop Park's insurance agent, Hamby & Alosio on May 23, 2019 and asked Hamby & Alosio to notify Waldrop Park's insurers. (Hamby Depo., p. 42:2-20 and Exhibit 7)

12. A true and accurate copy of the May 23, 2018 email from Waldrop Park's counsel to Hamby & Aloisio and enclosed May 22, 2018 notice of representation letter is attached as Exhibit G to Arch's Memorandum of Law in Support of Its Motion for Summary Judgment. (Ardent's Responses to Arch's RFAs, Response No. 10 and 11; WP's Responses to Arch's RFAs, Response Nos. 7 and 8)

13. Waldrop Park's counsel requested that Hamby & Aloisio place Waldrop Parks' insurers on notice of the shooting and the May 22, 2018 letter of representation because he believed that a potential claim could be asserted against Waldrop Park. (WP Depo., pp. 35:18-36:7, 62:15-22, 98:4-12, 100:3-13)

14. At the time Waldrop Park's counsel requested that Hamby & Aloisio provide notice of the shooting and May 22, 2018 letter of representation to Waldrop Park's insurers, he did not know who the insurers for Waldrop Park were. (WP Depo., pp. 38:3-6, 57:4-14)

15. At the time Waldrop Park's counsel requested that Hamby & Aloisio provide notice of the shooting and May 22, 2018 letter of representation to Waldrop Park's insurers, he had not read the Arch Policy. (*Id*. at pp. 13:6-21 and 21:2-6)

16. Waldrop Park's counsel requested that Hamby & Aloisio provide notice of the shooting and May 22, 2018 letter of representation to Waldrop Park's insurers because that was Waldrop Park's general practice, regardless of the insurer. (*Id*. at pp. 19:22-20:8, 21:13-24, 23:21-24:2, 57:15-25)

17. Waldrop Park's counsel requested that Hamby & Aloisio provide notice of the shooting and May 22, 2018 letter of representation to Waldrop Park's insurers because Hamby & Aloisio was Waldrop Park's agent. (*Id*. at pp. 72:9-15, 102:9-25)

18. Waldrop Park's own procedure for providing notice by requesting Hamby & Aloisio to provide notice to the insurer was not based on the notice condition of the Arch Policy or any written or oral communications from Arch. (*Id*. at pp. 96:18-23, 111:2-112:10)

19. Hamby & Aloisio did not provide notice of the shooting and the May 22, 2019 letter of representation to Arch. (H&A Depo., p 45:2-8, 50:3-7, 51:11-14)

20. Hamby & Aloisio first provided notice of the shooting to Amwins Access Insurance Services, LLC – Ga. ("Amwins"), a retail broker, in late October 2019. (*Id.* at p. 59:6-11)

21. Arch first received notice of the April 12, 2018 shooting on October 28, 2019 when it received an Accord Notice of Loss dated October 28, 2019 submitted by Amwins. (Arch's Objections and Responses to Defendant Waldrop Park Condominium Association, Inc.'s First Interrogatories, No. 7)

22. Arch issued a letter acknowledging receipt of the notice on October 29, 2019, requesting information. (*Id.*)

23. Arch issued a reservation of rights letters to Waldrop Park and Ardent on December 9, 2019. (Ardent's Responses to Arch's Request to Admit, Response No. 31 and Ex. F; WP's Responses to Arch's Request to Admit, Response Nos. 28 and Ex. F)

24. True and accurate copies of the December 9, 2019 reservation of rights letters are attached to Arch's Memorandum of Law in Support of Its Motion for Summary Judgment as Ex. H. (*Id.*)

25. The December 9, 2019 reservation of rights letters specifically reserved on the notice condition of the Arch Policy. (*Id.*)

26. After the Gilstraps filed the Underlying Complaint on March 13, 2020, Arch issued April 3, 2020 reservation of rights letters to Waldrop Park and Ardent. (Ardent's Responses to Arch's Request to Admit, Response No. 34 and Ex. H; WP's Responses to Arch's Request to Admit, Response Nos. 30 and Ex. H)

27. True and accurate copies of the April 3, 2020 reservation of rights letters are attached to Arch's Memorandum of Law in Support of Its Motion for Summary Judgment as Ex. I. (*Id.*)

28. In the April 3, 2020 reservation of rights letters, Arch again reserved on the notice condition and the Punitive Damages Exclusion Endorsement. (*Id.*)

29. Arch undertook the defense of Waldrop Park and Ardent subject to its reservation of rights. (*Id.*)

30. Hamby & Aloisio is an independent insurance agent. Hamby & Aloisio is not an agent of Arch, and it is not authorized to act on behalf of Arch. (Hamby Depo. at p. 23:16-25)

31. Hamby & Aloisio does not have a contractual relationship with Arch. (*Id.* at p. 17:6-9)

32. Hamby & Aloisio's employees do not represent to their clients, the insureds, that Hamby & Aloisio is authorized to accept notice of an occurrence or claim on behalf of Arch. (*Id.* at pp. 24:1-16, 25:3-10)

33. When Hamby & Aloisio delivers a policy of insurance to a client, the agent delivering the policy highlights the notice conditions of the policy so that the client is aware of how to provide notice of an occurrence or claim. (*Id.* at p. 2612-27:17)

34. Hamby & Alosio does not instruct its clients to provide notices of claim or occurrences to Hamby & Aloisio. (*Id.* at p.p. 26:23-27:1)

35. When Hamby & Aloisio is asked to provide notice to an insurer by an insured and a broker is involved, like the Arch Policy, Hamby & Aloisio provides the notice to the broker, as it has never provided notice directly to Arch. (*Id.* at pp. 193:22-194:2)

Respectfully submitted this 29th day of March, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/Thomas K. Wingfield*
C. Michael Johnson
Georgia Bar No. 392550
Thomas K. Wingfield
Georgia Bar No. 770653
mjohnson@hallboothsmith.com
twingfield@hallboothsmith.com

191 Peachtree Street N.E.
Suite 2900
Atlanta, GA 30303-1775
Telephone: (404) 954-5000
Facsimile: (404) 954-5020

*Counsel for Plaintiff Arch Specialty Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STARSTONE NATIONAL INSURANCE COMPANY and ARCH SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>WALDROP PARK CONDOMINIUM ASSOCIATION, INC., ARDENT RESIDENTIAL, LLC, CURTIS GILSTRAP AND JESSICA GILSTRAP,<br><br>    Defendants. | Case No. 1:20-04398-JPB |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter via the CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Kim M. Jackson, Esq.<br>J. Jackson Harris, Esq.<br>W. Randal Bryant, Esq.<br>**BOVIS, KYLE, BURCH & MEDLIN, LLC**<br>200 Ashford Center North, Suite 500<br>Atlanta, GA 30338 | Keith S. Hasson, Esq.<br>Michael F. O'Neill, Esq.<br>**HASSON LAW GROUP, LLP**<br>3379 Peachtree Road NE, Suite 625<br>Atlanta, GA 30326 |

| | |
|---|---|
| kjackson@boviskyle.com<br>jharris@boviskyle.com<br>rbryant@boviskyle.com<br><br>*Counsel for Plaintiff, StarStone National Insurance Company* | keith@hassonlawgroup.com<br>mike@hassonlawgroup.com<br><br>*Counsel for Defendant, Waldrop Park Condominium Association, Inc.* |
| James A. Rice, Jr., Esq.<br>**JAMES A. RICE, JR., P.C.**<br>563 Spring Street, NE<br>Atlanta, GA 30308<br>jim@ricefirm.com<br><br>*Counsel for Defendants, Curtis and Jessica Gilstrap* | Michael B. Weinstein, Esq.<br>**WEINSTEIN & BLACK, LLC**<br>3050 Amwiler Road, Suite 200-C<br>Atlanta, GA 30360<br>Mike@wblegal.net<br><br>*Counsel for Defendant, Ardent Residential, LLC* |

Respectfully submitted, this 29th day of March, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/Thomas K. Wingfield*
C. Michael Johnson
Georgia Bar No. 392550
Thomas K. Wingfield
Georgia Bar No. 770653

191 Peachtree Street N.E.  mjohnson@hallboothsmith.com
Suite 2900  twingfield@hallboothsmith.com
Atlanta, GA 30303-1775
Telephone: (404) 954-5000
Facsimile: (404) 954-5020

*Counsel for Plaintiff Arch Specialty Insurance Company*

72740171-1

12